IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALFRED ELI,

        Plaintiff,

v. // CIVIL ACTION NO. 1:04cv220
                              (Judge Keeley)

UNITED STATES OF AMERICA,

        Defendant.

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

On August 31, 2004, pro se plaintiff Alfred Eli ("Eli") filed this action under the Federal Tort Claims Act ("FTCA") against Dennis Morgan ("Morgan"), Dave Moffat ("Moffat"), the Federal Bureau of Prisons ("BOP"), and the United States of America. Eli sought damages for "the negligent or 'deliberate indifference' or intentional actions or failures to act of various employees of the Federal Bureau of Prisons which denied him adequate and appropriate surgical and medical care for his varicoceles." Specifically, Eli alleged that he was scheduled for surgery, but was transferred shortly before his appointment and then was denied the surgery following his transfer.

This matter was initially referred to Magistrate Judge John S. Kaull for preliminary review and, on December 9, 2004, he entered a Report and Recommendation, recommending that the defendants be served with a copy of Eli's complaint. On January 4, 2004, the

**ELI v. UNITED STATES**  1:04cv220

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

Court adopted the Report and Recommendation and ordered the Clerk to serve Eli's complaint on the defendants.

On April 7, 2005, the United States filed a motion to substitute, requesting that the United States be substituted as the sole defendant in this matter. The next day, the United States filed an answer to Eli's complaint. On April 18, 2005, the Magistrate Judge granted the motion and substituted the United States for defendants, Morgan, Moffat, and the BOP.

On May 26, 2005, the Court referred this matter to the Magistrate Judge for further report and recommendation on any dispositive motions filed by the parties. On January 1, 2006, the United States filed a motion for summary judgment, and, on June 23, 2006, the Magistrate Judge issued a Report and Recommendation with respect to the summary judgment motion.

In the Report and Recommendation, the Magistrate Judge relied on 28 U.S.C. §2680(a) and stated that the "discretionary function" exception precludes governmental liability for "'any claim based upon . . . the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" Accordingly, he applied the two-part test, established by the United States Supreme Court in <u>United</u>

**ELI v. UNITED STATES**  1:04cv220

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

States v. Gaubert, 499 U.S. 315, 322 (1991), to determine whether the "discretionary function" exception bars suit against the United States in this case.

First, the Magistrate Judge considered the nature of the conduct and determined whether it involved "an element of judgment or choice." United States v. Gaubert, 499 U.S. at 322. He stated that the conduct at issue was the BOP's decision to transfer Eli before he had his scheduled surgery and concluded that the decision to transfer a prisoner is within the BOP's judgment. Then, the Magistrate Judge determined whether the BOP's discretion in transferring prisoners is the type of discretion that is grounded in public policy. Relying on Supreme Court precedent, he concluded that the BOP's decisions are "grounded in public policy" because prison administrators are accorded great deference in execution of policies and practices because their judgment are needed to preserve the internal order and discipline and to maintain institutional security. Bell v. Wolfish, 441 U.S. 520, 527 (1979). Therefore, the Magistrate Judge found that the "discretionary function" exception applied in this action and shielded the United States from liability for Eli's FTCA claim.

The Report and Recommendation also specifically warned that failure to object to the report and recommendation would result in

3

**ELI v. UNITED STATES**                                          **1:04cv220**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

the waiver of any appellate rights on this issue. Nevertheless, Eli failed to file any objections.[1]

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt no. 25), **GRANTS** the defendant's motion for summary judgment (dkt no. 19) and **ORDERS** Eli's complaint **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the pro se plaintiff, certified mail, return receipt requested and to transmit copies of this Order to counsel of record.

Dated: July __18__, 2006.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Eli's failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

4